CODDINGTON ET AL. *v.* TURNER, RECEIVER, ET AL.

[No. 11,376. Filed May 9, 1923. Rehearing denied December 6, 1923. Transfer denied February 18, 1927.]

1. APPEAL.—*Judgment not reversed for error in overruling demurrer when right result reached.*—A judgment will not be reversed because of an error in overruling a demurrer where the facts have been found specially and a correct result has been reached. p. 606.

2. SALES.—*When title passes under contract for sale of goods to be manufactured.*—Ordinarily, under a contract for the sale of goods to be thereafter manufactured, no title passes until the article is completely finished and notice given to the buyer, or some act done by the seller designating it as the property of the buyer, either by setting it apart, marking it, or some other similar act, and even in the case of articles manufactured specially for a party, the title passes only on completion according to the contract and either delivery thereof or tender of delivery. p. 609.

3. SALES.—*Time for passing title may be fixed by contract.*—The parties to a contract of sale of goods to be manufactured may fix a time when the title shall pass, and if the contract clearly fixes such time or designates a stage of the manufacture when title shall pass, such intention will govern, and the title will pass at such time without any formal delivery or tender. p. 609.

4. SALES.—*Interpretation of contract fixing time for passing title.*—Where parties furnished money and cans to a canning company to assist the latter in the operation of its business under a contract which provided that all the goods packed by the canning company, from the time they were canned, were to be the property of the parties furnishing the money and supplies, who were to have the exclusive right to sell the same, but in the name of the canning company, and were required to account to the latter for the proceeds, less certain commission and interest on the money furnished, the title to such goods did not pass at the time of canning, but, at most, furnished security for the money advanced. p. 609.

From Johnson Circuit Court; *Fremont Miller,* Judge.

James A. Turner was appointed receiver for the business being done under the name of the Oscar Stuart Canning Company, and Addison E. Coddington and others, doing business under the name of the Harry E. Gilbert Company, filed an intervening petition claiming to be the owners of certain property in the hands of the receiver. From the order made on the petition, the interveners appeal. *Affirmed.* By the second division.

*Bachelder & Bachelder,* for appellants.

*George W. Long* and *John Rynerson,* for appellees.

McMAHAN, J.—On complaint of William Hoy, appellee James A. Turner was appointed receiver for Oscar Stuart, Emmett Baker and Harrison Conner doing business under the name of Oscar Stuart Canning Company. Turner, as receiver, took possession of 392 dozen empty unused tin cans, 454 empty boxes and 752 cases of canned tomatoes.

Appellants, doing business under the name of Harry C. Gilbert Company, filed an intervening petition in said receivership in which they alleged: (1) That they were the owners of said property; (2) that in August, 1920, they entered into a contract with the Oscar Stuart Canning Company, whereby appellants agreed to furnish said Stuart company cans and cases for the canning of tomatoes and to furnish money for the purpose of putting tomatoes in said cans, that under the terms of this contract, appellants were to be the owners of all canned products as soon as canned, the same to be at all times the sole property of appellants, and that said property so taken possession of by the receiver belonged to them. A copy of the contract was made a part of the petition.

The receiver filed an answer in four paragraphs. The

court found the facts specially and rendered a judgment in favor of appellants as to the empty cans and boxes and against them as to 752 cases of canned tomatoes.

The errors assigned are that the court erred in overruling appellants' demurrer to the second, third and fourth paragraphs of answer; that the court erred in its second conclusion of law and in overruling the motion for a new trial.

Since a judgment will not be reversed because of an error in overruling a demurrer, where the facts have been found specially and a correct result has been

1. reached, we will pass the contention that the court erred in overruling the demurrer to the several paragraphs of answer.

The facts as found by the court are, in substance, as follows: When appellee Turner qualified as receiver, the canning company, being in possession of the property described in the petition, turned the same over to the receiver. In August, 1920, appellants entered into a written contract which on the face purported to be a contract between Oscar Stuart Canning Company of Greenwood, Indiana, and the Harry C. Gilbert Company of Indianapolis. This contract was signed by Oscar Stuart and accepted by Harry C. Gilbert Company and A. E. Coddington. It provided that appellants should furnish the money out of which the canning company was to pay for the tomatoes and labor necessary to can such tomatoes in cans furnished by appellants and to put the same in boxes furnished by appellants. Such canning all to be done at Spearsville, Samaria, Nashville, Velpen, Stendale and Sellersburg. The money was to be furnished during July, August, September and October, 1920. The canning company agreed that, as soon as the tomatoes were canned, it would store them in its warehouse or at such other places as appellants might direct, and that the entire

pack, from time of purchasing and canning, should be the property of appellants, they to have the sole right to sell said canned goods in the name of the canning company, the latter to answer as to such guaranties as might be required in making such sale and, out of the proceeds of such sale, appellants were given the right to retain: (1) All moneys advanced; (2) a five per cent. commission on such sales; (3) the right to retain interest on the money advanced, and a discount of one and one-half per cent., and after making such deductions, appellants to remit balance to the canning company. This contract also provided that all cans and materials furnished by appellants should also be their property; that the canning company should not buy anything on the credit of, or incur any liability against, appellants; that all goods packed in which any part of the money furnished by appellants was used for purchase of materials, cans or payment of labor should belong to appellants, with the further provision that appellants might, for their own protection, if they desired, sell the canned goods in their own name instead of in the name of the canning company.

The court further found that, when appellants entered into said contract, they had not filed with the clerk of any circuit court in the state a certificate setting out the names and residences of the members of the partnership and that at that time no partnership existed between Oscar Stuart, Emmett Baker and Harrison Conner who were doing business in the fall of 1920 at Nashville under the name of Oscar Stuart Canning Company; that Stuart, Baker and Conner, in conducting their business, contracted for and purchased tomatoes from a large number of farmers and employed a number of men to perform labor, one of the latter being William Hoy, on whose complaint the receiver was appointed; that the canning company was indebted to Hoy

in the sum of $150, and was indebted to others for labor and rent, the total of the said items of indebtedness being about $1,800. During the summer and fall of 1920, and prior to the appointment of the receiver, appellants shipped the empty cans and boxes heretofore mentioned to the canning company at Nashville; that the tomatoes which were used in filling the 752 cases of canned tomatoes above mentioned were purchased from the farmers in that neighborhood and had not been paid for; that the other items of indebtedness for rent and labor above mentioned had never been paid; that after the tomatoes were canned, they remained in the possession of the canning company until they were turned over to the receiver, and that appellants never at any time were in possession of them and that appellants had never paid for the tomatoes used in filling said 752 cases or for any of the labor employed for that purpose.

Upon these facts, the court concluded: (1) That appellants were entitled to the empty cans and the empty boxes; (2) that the receiver was entitled to the possession of the 752 cases of canned tomatoes, and a judgment was entered accordingly.

It will be observed that there is no finding that appellants furnished any money which was expended or used by the canning company at the plant at Nashville or that any money furnished by appellants went into the 752 cases of canned tomatoes other than what they paid for the empty cans and boxes in which the tomatoes were packed, and there is no finding that the canning company was indebted to appellants in any sum. In fact, appellants do not claim that the canning company is indebted to them. They claim that, under the contract and the facts as found, they are the absolute owners of the canned tomatoes in the hands of the receiver, and for that reason, the court erred in the second conclusion of law.

Appellants made an objection to the form of the second conclusion, for the reason that the court added thereto what should have been thereafter made a part of the record in the receivership ordering the property sold.   Appellee also objected to the form of the exceptions taken to the second conclusion and insists that no exception whatever was taken by appellants.   These objections of appellants and appellee are technical in character and in our judgment need be given no consideration.

If the contract between appellants and the canning company is for the sale of goods to be thereafter manufactured, it is an executory contract, and ordinarily no title passes under such a contract until the thing is completely finished and notice given to the vendee, or some act done by the vendor designating it as the article sold, either by setting it apart, marking it, or some other similar act.   Even in the case of articles manufactured expressly for a party, title passes only upon completion according to the contract and delivery, or tender of delivery.   While this is the general rule, there is no doubt but that parties may by their contract fix a different time when the title shall pass, and if it clearly appears from the contract that the parties intended the title should pass at a given time or at a designated stage of the manufacture, or without any formal delivery or tender, such intention would no doubt govern.   *Fordice* v. *Gibson* (1891), 129 Ind. 7.

While the contract provides that all the "goods and the entire pack   *   *   *   from the time of purchasing and canning shall be the goods and property" of appellants, we feel quite certain when the entire contract is taken into consideration, that the manifest intention of the parties was not to vest the

absolute title to the canned goods in appellants but to furnish them security for such money as they might advance to and which should be used by the canning company in the canning process. Upon selling the goods, appellants were to deduct from the proceeds derived from such sales, not only the money advanced by them, with interest, but they were to be allowed and were authorized to deduct a five per cent. commission for selling the goods and, after paying themselves the amount to which they were entitled under the contract, the balance of such proceeds was to be paid to the canning company. The canning company was required to answer for all guaranties necessary in making sale of the canned goods. Construing this contract as we do, we hold that appellants were not the owners of the 752 cases of tomatoes and that the court did not err in its conclusion number two.

Appellants contend that where title fails, an equitable lien may exist. This contention may be conceded, but appellants in this action are asking for the possession of the property in question as owners. They are not attempting to establish a claim against the estate in the hands of the receiver, or asking for the enforcement of a lien against the property in the hands of the receiver. They also insist that certain facts found by the court are not sustained by the evidence. But we do not need to enter upon an investigation of this contention. If these facts were found in accordance with appellants' contention, it would not change the result. The question as to whether appellants have a lien is not before us and we express no opinion on that question.

No reversible error being shown, the judgment is affirmed.